IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher Darby, #263162 )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Leroy Cartledge, Warden of )<br>McCormick Correctional Institution, )<br>)<br>Respondent. )<br> ) | Civil Action No.8:08-3793-TLW-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Dkt. #12) and the petitioner's motion for summary judgment (Dkt. # 18).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on November 12, 2008.[1] On March 27, 2009, the respondent moved for summary judgment. By order filed March 31, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner did not file a separate response to the respondent's motion for summary judgment. However, on May 1, 2009, the petitioner filed his own motion for summary judgment motion in which he stated his opposition to the respondent's summary judgment motion. (Dkt. # 18.)

---

[1] This date reflects that the petition was date stamped as having been received on November 12, 2008, at the McCormick Correctional Institution mailroom. (Pet. Attach.) *Houston v. Lack,* 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

# I. **PROCEDURAL HISTORY/FACTS**

The petitioner is currently incarcerated at the McCormack Correctional Institution. In April 1999, the petitioner was indicted for murder, first degree burglary, kidnaping, and armed robbery. The petitioner was represented by Michael R. Culler, Jr., and Edward Dixon, Esquires. The State sought the death penalty against the petitioner and a co-defendant.

On December 13, 1999, pursuant to a written plea agreement, the petitioner pled guilty to murder, burglary in the first degree, armed robbery, and kidnaping. The petitioner agreed to testify against his co-defendant in exchange for the State agreeing not to seek the death penalty. The petitioner was sentenced by the Honorable James C. Williams, Circuit Court Judge, to life without possibility of parole for murder, life in prison for burglary in the first degree, and thirty years for the armed robbery pursuant to the plea agreement. Each sentence was to run consecutively. The petitioner filed a timely appeal.

The petitioner was represented by Daniel T. Stacy of the Office of Appellate Defense. Stacy filed an *Anders* brief raising the following issue: "Whether the appellant could bargain away his rights to file a post-conviction relief action as part of a plea agreement?" (*Anders* Brief at 3.) The petitioner also filed a pro se response raising the following issue: "Whether the trial judge erred in failing to secure an on the record waiver of appellant's right to testify at the sentencing phase proceeding?" (Pro Se Response to Anders Brief). On March 21, 2001, the South Carolina Court of Appeals dismissed the petitioner's appeal in an unpublished order, *State v. Darby*, 2001-UP-257 (filed May 21, 2007). The petitioner filed a petition for a rehearing. On June 27, 2001, the South Carolina Court of Appeals denied the petition for rehearing. The remittitur was sent down on August 1, 2001.

On March 14, 2002, the petitioner filed an application for post-conviction relief (PCR) raising the following two grounds for relief: 1) Ineffective assistance of counsel; and 2) Involuntary guilty plea. An evidentiary hearing was held on October 16, 2002, before the Honorable Diane Goodstein. The petitioner was present and represented by Clarissa W. Joyner, Esquire. On February 24, 2003, Judge Goodstein denied the petitioner PCR. The petitioner did not appeal from this denial of PCR.

On May 20, 2004, the petitioner filed a second PCR application raising the following grounds for relief: 1) Ineffective assistance of PCR counsel (failure to file an appeal); 2) Subject matter jurisdiction; and 3) Newly discovered evidence. An evidentiary hearing was held on April 26, 2007, before the Honorable R. Ferrell Cothran. The petitioner was represented by Carl B. Grant, Esquire. At the hearing, the respondent made a motion to dismiss the application because it was successive and time barred. The petitioner alleged that he was denied his right to appeal the denial of his previous PCR application. On June 14, 2007, Judge Cothran dismissed the petitioner 2nd PCR application with prejudice based upon it being a successive PCR and barred by the statute of limitations for PCR actions. The 2nd PCR Court's Order of Dismissal was filed June 29, 2007.

The petitioner appealed from the dismissal of his 2nd PCR application by filing a *Johnson* petition for a writ certiorari to the South Carolina Supreme Court. The petitioner was represented by Robert M. Pachak, Esquire of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. In the *Johnson* petition, the petitioner raised one issue: "Whether there was any evidence to support the PCR judge's findings that petitioner was not entitled to a belated appeal of the denial of his first PCR action?" *(See Johnson* Pet. at 2.) On October 8, 2008, the South Carolina Supreme Court denied the petitioner's petition for a writ Certiorari. The remittitur was sent down on October 24, 2008.

3

The petitioner filed this federal habeas action on November 12, 2008, raising the following grounds for relief:

> **Ground One:** Involuntary Guilty Plea
>
> **Supporting Facts:** At PCR hearing it was alleged that the plea was induced by threat of use of death penalty when death penalty was not applicable to Petitioner.
>
>     (A) He was not triggerman
>     (B) was only 16 years old
>
> **Ground Two:** Involuntary Plea
>
> **Supporting Facts:** Plea waiver of ability to file PCR is a conditional plea not allowed in SC and caused a conflict of interest as trial counsel was active to protect his IAC being exposed.
>
> **Ground Three:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Counsel coerced plea by threat of death sentence when he failed to advice due to age and his not being triggerman state could not seek death sentence.

(Habeas Pet. at 6-11.)

## II. **APPLICABLE LAW**

### A. Summary Judgment Standard

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the

4

disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**B. HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or

5

> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

## C. EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### I. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be

filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

ii. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

. . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### iii. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

### iv. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental

miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

### III. **DISCUSSION**

The petitioner's direct appeal concluded when the remittitur was sent down on August 1, 2001, at which point the statute of limitations to file a federal habeas action then began to run. The petitioner timely filed his 1st application for PCR on March 14, 2002, tolling the running of the statute of limitations for a federal habeas action. At that point, 224 days had lapsed leaving the petitioner 141 days to file for federal habeas relief upon the conclusion of his state PCR action. The petitioner's 1st PCR action concluded on February 24, 2003, when Judge Goodstein denied the petitioner PCR. The petitioner did not appeal from this denial of PCR. Thus, the petitioner had 141 days from February 24, 2003, to file for federal habeas relief.

Instead, on May 20, 2004, the petitioner filed a 2nd PCR application. At this point, another year had lapsed and the one-year statute of limitations period for filing a federal habeas action had completely run. In any event, because the petitioner's 2nd PCR was dismissed as untimely, it would not have tolled the running of the federal limitations period because it was not a "properly filed" petition. *Artuz v. Siebert*, 552 U.S. 3, at * 4

10

(2007)(holding when a PCR petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-416 (2005)(holding a state PCR petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The petitioner's 2nd PCR action filed did not toll or revive the already expired statute of limitations for filing the petitioner's federal habeas action. Thus, this federal habeas action filed November 12, 2008, after five years of time had lapsed, was clearly filed after the statute of limitations had run. *Houston v. Lack,* 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Therefore, this habeas petition is untimely and should be dismissed.

## IV. **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 12) be GRANTED; the Petitioner's Motion for Summary Judgment (Dkt. # 18) be DENIED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 25, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).