IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Darby, #263162, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 8:08-3793-TLW-BHH |
| | ) | |
| Leroy Cartledge, Warden of McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

# ORDER

The petitioner, Christopher Darby ("petitioner"), brought this civil action, *pro se*, pursuant to 28 U.S.C. § 2254. (Doc. #1).

On March 27, 2009, the respondent filed a motion for summary judgment. (Doc. #12, Doc. #14). By Order filed on March 31, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised that he had 34 days to file a response to the respondent's motion for summary judgment. (Doc. #17). Although the petitioner filed no response in opposition to the respondent's motion, the petitioner filed his own motion for summary judgment on May 1, 2009. (Doc. #18).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks to whom this case had previously been assigned. (Doc. #20). In the Report, the Magistrate Judge recommends that the District Court deny the petitioner's motion for summary judgment, grant the respondent's motion for summary judgment, and dismiss the habeas petition in this case with prejudice. (Doc. #20). The petitioner filed objections to the report. (Doc. #21). In conducting this review, the Court applies the

following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In the Report, the Magistrate Judge recommends dismissing the petition in this action as untimely under the one-year statute of limitations for filing a federal habeas petition. The Court has fully reviewed the record in this case, including the time periods set forth in the Report of the Magistrate Judge, in the Respondents' Return and Memorandum, and in the state court exhibits that have been filed with the Court in this action. (Doc. #20 at pp. 10-11) (Doc. #14). The record reflects that the petition in this action was clearly outside the statute of limitations set forth in 28 U.S.C. § 2244(d)(2).

In his objections, the petitioner suggests that his petition should not be dismissed as untimely because the South Carolina Department of Corrections seized "all of petitioners legal materials which created a impediment and obstruction" that "creates equitable tolling of the statute of limitations." (Doc. #21). Courts have considered the issue of continuous and systematic denial of the access to legal materials necessary to prepare a petition for writ of habeas corpus and its impact on the tolling of a statue of limitations in certain circumstances. See Landman v. Brown, 350

2

F.Supp. 303, 306 (E.D. Va. 1972) (district court considered allegation that petitioner was systematically denied access to materials necessary to prepare writ of habeas corpus for over 9 years, but concluded that the statute of limitations would apply even if the statute was tolled during the 9 year period of the alleged denial). However, the Court does not find that the record justifies tolling of the statute of limitations in this case. As noted by the United States Supreme Court, application of the doctrine of equitable tolling requires a petitioner to show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGugliemo, 544 U.S. 408, 418 (2005)). The Fourth Circuit has noted that "equitable tolling is available only in 'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). The Fourth Circuit has also recognized that a petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control." Id. Other courts have noted that "[u]npredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling" in certain cases. Ballard v. Carey, 2006 WL 547995 (E.D. Cal. 2006).

In his objections, the petitioner makes the allegation that the South Carolina Department of Corrections seized all of his legal materials "from March 15, 2003 until Oct 4, 2008." (Doc. #21). However, the petitioner has submitted no evidence beyond his own affidavit to support this allegation. In addition, the record reflects that the petitioner was actively pursuing a second application for post conviction relief, for which he was represented by an attorney, during the time

that his legal materials had allegedly been seized. In fact, during the period of the alleged seizure, the petitioner filed a second PCR for which he was represented by an attorney. An evidentiary hearing was conducted on April 26, 2007, after which the state court dismissed the second application for post conviction relief. The petitioner then appealed this by filing a petition for writ of certiorari to the South Carolina Supreme Court, for which the petitioner was represented by a second attorney from the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The fact that the petitioner was able to actively pursue an action in state court contradicts his contention that the seizure of his legal materials completely prevented him from taking any action to pursue his rights in federal court. The petitioner cannot show that he was diligently pursuing his rights under federal law, nor that an extraordinary circumstance stood in his way of filing a petition for federal habeas relief. Thus, the Court concludes that the record does not support an application of equitable tolling, and that the petition for relief pursuant to 28 U.S.C. § 2254 in this case is untimely. Dismissal of a federal habeas petition based on the statute of limitations is significant. However, this Court is constrained to apply the applicable law and the petitioner is required to file within the required time limits.

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #20). Therefore, for the reasons articulated by the Magistrate Judge, the petitioner's motion for summary judgment, (Doc. #18), is **DENIED**; the respondent's motion for summary judgment, (Doc. #12), is **GRANTED**; and the habeas petition is **DISMISSED** with prejudice.

    **IT IS SO ORDERED**.

s/Terry L. Wooten<br>United States District Judge

October 23, 2009
Florence, South Carolina